IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 99-CR-20-TCK ) ) |
| MICHAEL McCALISTER, | ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Before the Court is Michael McCalister's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion") (ECF No. 1006), which was referred to the undersigned for Report and Recommendation by United States District Judge Terence Kern (ECF No. 1030).

**I.   Factual Background**

On September 21, 1999, Michael McCalister ("Petitioner") was convicted by a jury of participating in a drug conspiracy. The Presentence Investigation Report ("PSR") classified Petitioner as a "career offender" pursuant to United States Sentencing Guidelines ("USSG") § 4B1.1 because Petitioner had committed at least two prior "crimes of violence," as then defined in USSG § 4B1.2(a). On May 19, 2000, applying the career offender guideline enhancement, Judge Kern sentenced Petitioner to 290 months imprisonment. Because Judge Kern sentenced Petitioner prior to the Supreme Court's decision in *Untied States v. Booker*, 543 U.S. 220 (2005), the guidelines were mandatory.[1]

In his § 2255 Motion, Petitioner moves to set aside his sentence, arguing that the residual clause in § 4B1.2(a)(2) of the mandatory guidelines is unconstitutionally vague. Defendant relies

---

[1] References to the sentencing guidelines are to the guidelines in place at the time of Petitioner's sentencing in 2000.

on *Johnson v. United States*, 135 S. Ct. 2551, 2560, 2563 (2015), which struck down the residual clause in the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review. The Tenth Circuit granted authorization for Petitioner to file a second or successive § 2255 motion, reasoning that it "could not verify that the district court did not designate [Petitioner] as a career offender under the residual clause." ECF No. 1005 at 4.[2] The United States filed a response to the Motion (ECF No. 1010), and Defendant filed a *pro se* reply (ECF No. 1011).

On August 21, 2017, Judge Kern issued an Order for Additional Briefs ("Briefing Order") (ECF No. 1022). Judge Kern explained his prior rulings in other cases, discussed the legal landscape, raised concerns regarding the timeliness of the Motion, and appointed counsel for Defendant. He ordered the parties to file supplemental briefs addressing: (1) timeliness of the Motion under 28 U.S.C. § 2255(f)(3);[3] (2) application of the reasoning in *Beckles v. United States*, 137 S. Ct. 886 (2017), to pre-*Booker* guidelines sentences; and (3) any other issues the parties wished to raise. Both parties filed supplemental briefs (ECF Nos. 1027, 1029).

Judge Kern referred the Motion to the undersigned for Report and Recommendation, and the undersigned conducted oral argument on procedural and merits issues. For the reasons explained below, the undersigned recommends dismissing the motion as untimely based on the

---

[2] As explained below, the timeliness analysis applicable to Petitioner's Motion does not require inquiry into which clause the sentencing court relied on. Therefore, the undersigned does not include facts relevant to this inquiry.

[3] In his timeliness discussion, Judge Kern cited the case of *United States v. Autobee*, No. 17-1082, 2017 WL 2871893 (10th Cir. July 6, 2017), which involved the timeliness of a *Johnson* challenge to a conviction under 18 U.S.C. § 924(c)(3)(B). *See* ECF No. 137 at 6-8. Judge Kern correctly predicted that timeliness presented an issue in this case, based on *Autobee*'s reasoning. Due to more recent Tenth Circuit law on point, *Autobee* plays no role in the undersigned's analysis.

Tenth Circuit's recent decision in *United States v. Greer*, --- F.3d ----, No. 16-1282, 2018 WL 721675 (10th Cir. Feb. 6, 2018). In framing the issues, the undersigned briefly explains case law prior to *Greer*.

## II.    Timeliness

A petitioner seeking relief under 28 U.S.C. § 2255 "must show that he can meet [its] procedural requirements." *Greer*, 2018 WL 721675 at *2. "The first of these barriers is timeliness." *Id.* Petitioner relies upon § 2255(f)(3) to render his motion timely. This provision permits a § 2255 motion to be filed within one year of the date on which "the right asserted [by Petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court has recognized the "right asserted" by a § 2255 petitioner if the Court has "'formally recognized that right in a definite way.'" *Greer*, 2018 WL 721675, at *4 (quoting *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017)). If the existence of the right remains an open question, then the Court has not recognized that right. *Id.*

Whether the "right asserted" by Petitioner has been "formally recognized" depends on how broadly or narrowly the *Johnson* "right" is defined. The First Circuit explained:

> [T]he government's argument turns on the degree of generality with which we define the rule adopted in [*Johnson*]. Does one describe the rule as being no more than the technical holding that the residual clause as employed in the ACCA is unconstitutionally vague? If so, then arguably only successive § 2255 motions based on the ACCA's residual clause would satisfy § 2255(h)(2). Or, does one describe the rule as being that the text of the residual clause, as employed in the ACCA, is too vague to provide a standard by which courts must fix sentences? If so, then one might reasonably conclude that such a rule could be relied upon directly to dictate the striking of any statute that so employs the ACCA's residual clause to fix a criminal sentence.

*Moore v. United States* 871 F.3d 72, 83 (1st Cir. 2017) (analyzing distinct but related question of whether a petitioner relied on "a new rule of constitutional law, made retroactive to cases on

3

collateral review" for purposes of § 2255(h)(2) authorization). *Beckles* plays a role in the analysis because Justice Sotomayor stated in her concurrence that the majority opinion "at least leaves open the question whether defendants sentenced to terms of imprisonment before [*Booker*] may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).

At the time of oral argument, the Tenth Circuit had not ruled on the timeliness issue or defined the scope of the *Johnson* right. Reasoning in cases from other circuits supported both parties' positions. *Compare United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017) (finding § 2255 motion untimely) ("If the Supreme Court [in *Beckles*] left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right."); *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017) (finding § 2255 motion untimely) ("Because [*Johnson*'s application to residual clause in mandatory guidelines] is an open question, it is not a right that has been newly recognized by the Supreme Court let alone one that was made retroactively applicable to cases on collateral review.") (internal quotations omitted) with *Moore*, 871 F.3d at 83 (granting motion to file successive § 2255 petition under § 2255(h)(2)) (petitioner made prima facie showing that *Johnson* created a "new rule of constitutional law," which petitioner simply sought to apply "directly to another law . . . which also used the text of the residual clause, as employed in the ACCA, to provide a standard by which a court fixed his sentence"); *Brown*, 868 F.3d at 310 (Gregory, J., dissenting) ("The right newly recognized in *Johnson* is therefore clearly applicable to Brown's claim, because the mandatory Guidelines' residual clause presents the same problems of notice and arbitrary enforcement as the ACCA's residual clause at issue in Johnson.").[4]

---

[4] There was a split among district courts in the Tenth Circuit. *Compare Zamora v. United States*, No. CR 97-488-JCH, 2017 WL 4221470, at *1 (D.N.M. Sept. 22, 2017) (denying § 2255 motion as untimely) with *United States v. Parks*, No. 03-CR-00490-WYD, 2017 WL 3732078, at *11 (D. Colo. Aug. 1, 2017) (finding § 2255 motion timely and granting petitioner's motion).

Although not directly on point, the Tenth Circuit had decided *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017). In *Snyder*, the court held that a petitioner's *Johnson*-based challenge to an *ACCA sentence* was timely. *Id.* The court reasoned that a petitioner "need only invoke the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim." *Id.* at 1126. "Whether or not Snyder can ultimately prevail on his motion, he asserts the right established in *Johnson*, to be free from a sentence purportedly authorized by the unconstitutionally vague residual clause." *Id.* The majority used broad language in explaining the necessary showing under § 2255(f)(3) but in the context of an ACCA sentence. During oral argument in this case, both parties relied upon *Snyder* in support of their respective positions on timeliness.[5]

The Tenth Circuit has now decided the timeliness issue presented in this case. In *United States v. Greer*, --- F.3d ----, No. 16-1282, 2018 WL 721675, at *5 (10th Cir. Feb. 6, 2018), the Tenth Circuit held that *Johnson*-based challenges to the residual clause of § 4B1.2(a)(2) of the mandatory guidelines are untimely. In a decision authored by Judge McHugh, the court held that "[t]he right that Mr. Greer 'asserts' is a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines," which has not been recognized by the Supreme Court. *Id.* at *4. In so holding, the court adopted a narrow construction of the *Johnson* right:

> *[T]he only right recognized by the Supreme Court in Johnson was a defendant's right not to have his sentence increased under the residual clause of the ACCA. The Court did not consider in Johnson, and has still not decided, whether the mandatory Guidelines can be challenged for vagueness in the first instance, let alone whether such a challenge would prevail. And it is not for this court acting on collateral review to do so.*

---

[5] In a concurring opinion in *Snyder*, Judge Carolyn McHugh defined the "right" in *Johnson* as limited to "the right not to be sentenced as an armed career criminal under the residual clause of the ACCA." *Id.* at 1131. This was only a concurring opinion. But it is now settled law in *Greer*.

*Id.* at *5 (emphasis added). These petitioners' motions are "untimely" under § 2255(f)(3) essentially because they are premature; the Supreme Court has not yet recognized (and may never recognize) the right being asserted.

Like Petitioner in this case, Mr. Greer relied on *Snyder* to argue that he "asserted" a *Johnson* claim and that such assertion satisfied the threshold showing under § 2255(f)(3). The court rejected this argument, explaining that "[d]espite its broad language, *Snyder* is not so all encompassing." *Id.* at *3. The court explained that Mr. Snyder was sentenced under the ACCA and had "raised a factual question about which clause of the ACCA the sentencing court relied on in enhancing his sentence." *Id.* Contrasting Mr. Greer's case, the court stated:

> A factual finding that Mr. Greer was sentenced under the residual clause of the mandatory Guidelines does not end our inquiry but raises a new one. Such a finding would then require this court to address the constitutionality of the residual clause of the mandatory Guidelines in the first instance on collateral review. And even assuming Mr. Greer presents a compelling argument for finding the clause unconstitutional, such a task exceeds the authority of this court under AEDPA.

*Id.* *Snyder*'s seemingly broad language is of no assistance to a petitioner raising a *Johnson* challenge to a mandatory guidelines sentence. *Greer* is directly on point and controlling as to Petitioner's Motion. The undersigned recommends dismissing Petitioner's Motion as untimely and not reaching any other issues.

### III. Certificate of Appealability

Rule 11(a) of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is proper "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable

among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000).

The undersigned recommends denying a certificate of appealability. The undersigned further recommends terminating the Court's appointment of counsel.

## RECOMMENDATION

The undersigned RECOMMENDS that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1006) be DISMISSED as untimely. The undersigned RECOMMENDS denying a certificate of appealability. The undersigned RECOMMENDS terminating the appointment of counsel.

## OBJECTION

The United States District Judge assigned to this case will conduct a *de novo* review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his review, the Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by March 2, 2018. *See* 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

**SUBMITTED** this 16th day of February, 2018.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT